IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ON-NET SURVEILLANCE SYSTEMS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HAWK TECHNOLOGY SYSTEMS, LLC, )<br>)<br>Defendant. ) | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff On-Net Surveillance Systems, Inc. ("OnSSI") brings this action for declaratory judgment against Hawk Technology Systems, LLC ("Hawk"). OnSSI seeks, among other things, declaratory judgment of non-infringement of U.S. Patent No. RE43,462 ("the '462 patent") (attached hereto as Exhibit 1), that the claims of the '462 patent are invalid, that OnSSI has intervening rights with respect to the '462 patent, and that OnSSI and its customers have a license to and/or are covered by a covenant not to be sued for infringement of the '462 patent. In support thereof, OnSSI alleges as follows:

### NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of and intervening rights and a license to the '462 Patent.

### THE PARTIES

2.      Plaintiff OnSSI is a New York corporation with its principal place of business located at One Blue Hill Plaza, Seventh Floor, Pearl River, New York 10965. OnSSI is an industry leader in the business of developing, designing and selling open platform IP video management and surveillance software. OnSSI was founded in 2002 with the goal of developing

comprehensive and intelligent IP video surveillance management software. OnSSI's award-winning IP-based surveillance software, marketed under the trade name Ocularis, supports a range of surveillance applications in the fields of education, gaming, government, healthcare, manufacturing, public safety, transportation, and utilities throughout the United States and the World.

3. Upon information and belief, Defendant Hawk is a Florida limited liability company with a principal place of business at 2 South Biscayne Blvd., Suite 3800, Miami, Florida 33131.

4. Upon information and belief, Hawk was formed in 2012 and its business is directed to owning and enforcing the '462 Patent in litigation. Upon information and belief, Hawk does not itself manufacture any products or offer for sale any products or services.

## JURISDICTION AND VENUE

5. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201 *et seq.* and under the Patent Laws of the United States, as enacted under Title 35 of the United States Code. This Court has jurisdiction over this action pursuant to 35 U.S.C. §§ 271 et seq. and 28 U.S.C. 1331, 1338, 2201-2202.

6. This Court has specific personal jurisdiction over Hawk because Hawk has conducted business in and directed at New York pertaining to the '462 patent. On information and belief, Hawk has at least conducted business by filing suit in this forum state in an attempt to enforce the '462 patent. Hawk filed suit on June 1, 2015 against Strand Book Store, Inc., in the United States District Court for the Southern District of New York (case no. 15-cv-04207) alleging that Strand Book Club, Inc. infringes certain claims of the '462 patent by its use of Plaintiff OnSSI's Ocularis product. Hawk has filed numerous other suits in federal courts located in New York, including the following cases.

NY 75833075

- *Hawk Technology Systems, LLC v. New York City Health and Hospitals Co.* Case No. 15-cv-06005), filed on July 30, 2015 in the Southern District of New York;

- *Hawk Technology Systems, LLC v. Accor North America Co., et al.*, Case No. 15-cv-05692, filed on July 21, 2015 in the Southern District of New York;

- *Hawk Technology Systems LLC v. Vassar College*, Case NO. 15-cv-4847, filed on June 22, 2015 in the Southern District of New York;

- *Hawk Technology Systems LLC v. Price Chopper Operative Co., Inc. et al*, Case No. 15-cv-210, filed on February 24, 2015 in the Northern District of New York;

- *Hawk Technology Systems LLC v. Alrose King David, LLC*, Case No. 11-cv-6238, filed on November 2014 in the Eastern District of New York; and

- *Hawk Technology Systems LLC v. Sarnow Food Group, Inc.*, Case No. 15-cv-4696, filed on August 11, 2015 in the Eastern District of New York.

7.  Venue is proper in this Court under 28 U.S.C. §1391(b) and 1391(c) because Hawk is subject to personal jurisdiction in this judicial district and has conducted business in this judicial district. Additionally, Hawk has accused OnSSI's customers use of its product, Ocularis, of infringement in this judicial district and such products are being used in this judicial district.

**THE PATENT AT ISSUE**

8.  The '462 Patent has expired. The '462 Patent is a reissue of U.S. Patent No. 5,625,410 ("the '410 Patent"), which issued on April 29, 2007.

9.  During the prosecution of the reissue application serial no. 09/301,656, which led to the issuance of the '462 patent, the patentee declared "our issued patent is at least partly inoperative or invalid in that we claim less than we had the right to claim."

10. During the prosecution of the reissue, the patent applicants amended the language and scope of the original claims of the '410 patent and also added new claims.

11. On June 12, 2012, the '410 patent was reissued as the '462 Patent. The '462 Patent is entitled "Video Monitoring and Conferencing System." The '462 Patent identifies the alleged inventors as Kinya Washino and Barry Schwab.

NY 75833075

## THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

12.     Hawk claims to be the owner by assignment of the '462 Patent.

13.     Upon information and belief, Hawk is a non-practicing entity and does not receive any profit from its alleged ownership of the '462 Patent without obtaining licensing fees from other entities.

14.     To date, Hawk has filed over 115 lawsuits for infringement of the '462 patent, and such suits have been filed in judicial districts throughout the United States. On information and belief, Hawk has followed each filing with a demand for a quick settlement at a price far lower than the cost to defend the litigation.

15.     Since 2013, Hawk has sued users of OnSSI's products, including Hardee County Schools (FL), CoxHealth, CRG Citadel shops, City and County of San Francisco, Stand Books Store, Inc., Players Poker Club, Inc., Alrose King David, LLC, Caterpillar, United Supermarkets LLC, Fanuc Robotics Co., and the University of Miami, alleging that each of these entities infringe the '462 patent because they utilize OnSSI's product.

16.     During the course of Hawk's litigation against University of Miami, Hawk provided the University of Miami with a claim chart that described element-by-element Hawk's allegations of infringement of three independent claims of the '462 patent by OnSSI's Ocularis product. A true and correct copy of the claim chart is attached hereto as Exhibit 2.

17.     In the chart, Hawk alleges that the claim elements are "[p]racticed" based on the use of OnSSI's Ocularis product, and thus indicates that users of the Ocularis product infringe the identified element of the claim. Furthermore, Hawk used information from the User's Manual for the Ocularis product to develop its infringement contentions and cited to OnSSI's website in support thereof.

18. No other company's products are mentioned by name or referenced in the chart. No other company's brochures, information or websites are referenced in the chart. The alleged infringement is established exclusively by referencing OnSSI and its Ocularis product.

19. In other suits, Hawk has appended documents to its complaint of patent infringement showing that the respective defendant utilizes Ocularis for monitoring video and alerts from multiple cameras at multiple locations in support of its infringement allegations. *See e.g.*, Exhibit 3 (which is Exhibit A from the Complaint in *Hawk Technology Systems, LLC v. City of San Francisco* (case no. 15-cv-3187) (N.D.Ca.)), Exhibit 4 (which is Exhibit A from the Complaint in *Hawk Technology Systems, LLC v. Strand Book Store* (case 15-cv-4207) (S.D.N.Y.)), and Exhibit 5 (which is Exhibit B from the Complaint in *Hawk Technology Systems, LLC v. CoxHealth* (case no. 15-cv-3315) (W.D.Mo)).

20. Hawk's repeated identification of the Ocularis product and the related User's Manual indicates that Hawk considers the Ocularis product to be an infringement of the '462 patent and that OnSSI is, at a minimum inducing and/or contributing to the infringement of the '462 patent through its sale of the Ocularis product.

21. Hawk has aggressively and persistently enforced its rights in the '462 Patent against perceived infringers, including OnSSI's customers. On information and belief, Hawk will continue to identify OnSSI's customers and file suit against them for infringement of the '462 patent, including customers that reside in this judicial district.

22. OnSSI has an objectively reasonable apprehension that Hawk will bring a patent infringement action against it and/or OnSSI's customers.

23. Based on the foregoing, there is a substantial and justiciable controversy between OnSSI and Hawk that warrants declaratory judgment.

NY 75833075

## COUNT I: DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT OF THE '462 PATENT

24. OnSSI hereby restates and realleges the allegations set forth in paragraph 1-23 above, and incorporates them by reference.

25. Hawk claims to be the owner of all legal right, title and interest in the '462 patent, including the right to enforce the '462 patent.

26. OnSSI has an objectively reasonable apprehension that Hawk will bring a patent infringement action against it and/or OnSSI's customers.

27. Hawk has alleged that OnSSI's Ocularis product infringes the '462 patent. Hawk has provided an infringement claim chart to at least one of OnSSI's customers that it has sued for patent infringement. The claim chart alleges that the Ocularis product infringes the '462 patent. Exhibit 2. Such allegations are reinforced by Hawk's repeated references to OnSSI's User's Manual and website in its infringement claim charts, as well as by appending public documents indicating that the Ocularis product is used by various defendants that Hawk has sued for patent infringement.

28. Based on the foregoing, on information and belief, Hawk contends that OnSSI is liable for infringing the '462 patent by selling or offering for sale Ocularis, and/or for induced or contributory infringing through its customer's use of Ocularis.

29. The products provided by OnSSI to its customers and utilized by its customers, including Ocularis, do not infringe, either directly or indirectly, any valid claim of the '462 patent.

30. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

NY 75833075

31.     An actual and justiciable controversy exists between OnSSI and Hawk as to whether the '462 patent is infringed by OnSSI. A judicial declaration is necessary and appropriate so that OnSSI may ascertain its rights regarding the '462 patent.

32.     OnSSI requests a judicial determination and declaration that OnSSI's products, including the Ocularis product, do not infringe, either literally or under the doctrine of equivalents, and that OnSSI has not infringed, either literally or under the doctrine of equivalents, directly or indirectly, including by inducement or contributorily, or otherwise, any valid claim of the '462 patent.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY

33.     OnSSI hereby restates and realleges the allegations set forth in paragraph 1-32 above, and incorporates them by reference.

34.     One or more claims of the '462 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. § 1, *et seq.*, including but not limited to §§ 101, 102, 103, and 112.

35.     As an example, at least claims 1, 12 and 15 of the '462 patent are invalid under 35 U.S.C. §102 as being anticipated by U.S. Patent No. 5,375,068 to Palmer *et al.*, filed June 3, 1992 and/or U.S. Patent No. 5,237,408 to Blum, *et al.*, filed August 2, 1991.

36.     Further, at least claims 1, 12 and 15 of the '462 patent are invalid under 35 U.S.C. §103 as being obvious in view of the above-mentioned patents with each other, or in combination with at least U.S. Patent No. 6,335,722 to Tani *et al.*, filed October 24, 1994.

37.     As another example, at least claims 1 and 15 of the '462 patent are invalid under 35 U.S.C. § 112, second paragraph, for indefiniteness because they each recite at least one

NY 75833075

means-plus-function claim element for which no corresponding structure is sufficiently disclosed in the '462 patent specification as required under 35 U.S.C. § 112.

38. As yet another example, at least claims 1, 12 and 15 of the '462 patent are invalid under 35 U.S.C. § 112, first paragraph, as failing to be supported by an adequate written description of the claim terms "spatial parameters and temporal parameters," for which there is no disclosure in the specification. Accordingly, the inventors of the '462 patent were not in possession of the invention of claims 1, 12 and 14 of the '462 patent as of the filing date of the application resulting in the '462 patent. In addition, the inventions of claims 1, 12 and 15 lack enablement pursuant to 35 U.S.C. § 112, first paragraph, due to lack of disclosure and written description of the claim terms "spatial parameters and temporal parameters."

39. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. An actual and justiciable controversy exists between OnSSI and Hawk as to whether the '462 patent is invalid. A judicial declaration is necessary and appropriate so that OnSSI may ascertain its rights regarding the '462 patent.

### COUNT III: DECLARATORY JUDGMENT OF INTERVENING RIGHTS

41. OnSSI hereby restates and realleges the allegations set forth in paragraph 1-40 above, and incorporates them by reference.

42. As of June 12, 2012, when the '462 patent reissued, OnSSI was selling the Ocularis product.

43. Each of the original claims of the '410 patent were amended during reissue.

44. On June 3, 2014 Hawk filed a malpractice claim against the prosecuting attorneys of the '462 patent, attached hereto as Exhibit 6. In its Complaint, Hawk admitted that "the text of the '410 patent's independent claims [were altered] in such a manner that they are no longer substantially identical to the original claims." (Exhibit 6 at 3). Hawk further admitted that the claims of the '462 patent are "broad[er] [than] the claims of the '410 patent." *Id.* Accordingly, each of the amended and new claims of the '462 patent are not substantially identical to the claims of the patent as originally issued.

45. OnSSI and its customers are entitled to absolute and equitable intervening rights pursuant to 35 U.S.C. § 252.

46. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47. An actual and justiciable controversy exists between OnSSI and Hawk as to whether OnSSI has absolute and/or equitable intervening rights. A judicial declaration is necessary and appropriate so that OnSSI may ascertain its rights regarding the '462 patent.

### COUNT IV: DECLARATORY JUDGMENT OF A LICENSE

48. OnSSI hereby restates and realleges the allegations set forth in paragraph 1-47 above, and incorporates them by reference.

49. OnSSI has an objectively reasonable apprehension that Hawk will bring a patent infringement action against it and/or OnSSI's customers.

50. On June 2, 2014, Milestone Systems, Inc. ("Milestone") filed suit against Hawk requesting declaratory judgment of non-infringement and invalidity of the '462 patent and that Milestone had intervening rights with respect to the '462 patent in the United States District

Court for the Southern District of Florida, case no. 14-cv-22030. On information and belief, in settlement thereof no later than October, 2014, Hawk covenanted that it would not sue Milestone and its Affiliates, agents, suppliers, contract manufacturers, customers, integrators, value added resellers, OEM partners, importers, distributors, software licensees or product end-users for infringement of the '462 patent (hereafter "Hawk's license and covenant not to sue").

51.     From at least August 1, 2009 (*i.e.*, prior to six years ago, the earliest date Hawk may claim damages pursuant to 35 U.S.C. §286) through April 29, 2014 (the expiration of the '462 patent), OnSSI was Milestone's OEM partner purchasing software, which OnSSI resells as part of the Ocularis product. Accordingly, on information and belief, Hawk granted Milestone a license and a covenant not to sue for infringement of the '462 patent that covers OnSSI's and its customers' manufacture, use, sale, offer for sale and importation of the Ocularis product.

52.     Alternatively, even if Hawk's license and covenant not to sue does not explicitly extend to OnSSI and its customers, Hawk's patent rights in the '462 patent have been exhausted by virtue of Hawk's license and covenant not to sued to milestone.

53.     On information and belief, Hawk was informed that OnSSI was an OEM partner of Milestone and covered by Hawk's license and covenant not to sue and yet thereafter, Hawk sued OnSSI's customers for infringement of the '462 patent, including Strand Book Store, City and County of San Francisco and CoxHealth.

54.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55.     An actual and justiciable controversy exists between OnSSI and Hawk as to whether OnSSI has a license to and covenant not to be sued for infringement of the '462 patent.

A judicial declaration is necessary and appropriate so that OnSSI may ascertain its rights regarding the '462 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OnSSI respectfully requests the following relief:

a) A declaration that OnSSI has not and is not infringing, either directly or indirectly, including by inducement or contributorily, any valid claim of the '462 patent;

b) A declaration that each claim of the '462 patent is invalid;

c) A declaration that OnSSI and its customers have intervening rights pursuant to 35 U.S.C. § 252 with respect to the '462 patent;

d) A declaration that OnSSI has a license to practice the invention claimed in the '462 patent and/or has the benefit of a covenant not to be sued for infringement of the '462 patent;

e) An order enjoining Hawk, its officers, directors, agents, counsel, servants and employees, and successors in interest and assigns, all persons in active concert or participation with any of them, from charging infringement or instituting an action based on infringement of the '462 patent against OnSSI and/or any of OnSSI's customers or downstream users of OnSSI's products;

f) An order declaring that OnSSI is the prevailing party and that this is an exceptional case under 35 U.S.C. §285 and awarding OnSSI its costs and attorneys' fees in connection with this action; and

g) Such other and further relief as the Court deems just, reasonable and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff OnSSI hereby demands a trial by jury on all issues so triable.

Dated: August 21, 2015            Respectfully Submitted,

By: _____
Ian G. DiBernardo
Jeffrey Mann
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038-4982
Telephone: (212) 806-5400
Facsimile: (212) 806-6006
Email: idibernado@stroock.com
Email: jmann@stroock.com

*Attorneys for Plaintiff*
*On-Net Surveillance Systems, Inc.*