**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **ON-NET SURVEILLANCE SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO. 1:15-CV-06653-JGK** |
| **v.** | ) | |
| | ) | |
| **HAWK TECHNOLOGY SYSTEMS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**HAWK'S MOTION TO DISMISS AMENDED COMPLAINT [CM/ECF 21]**

## TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................1

II.  FACTS ....................................................................................................................2

   A.   OnSSI Sued Hawk For A Declaration Of Non-Infringement, Invalidity, Intervening Rights, License and Exhaustion Related To U.S. Patent No. RE43,462 (The "Patent")......2

   B.   Hawk Is A Florida Company, The Patent Prosecution Attorney Resides In Florida And Hawk Has No Offices Or Employees In New York ...................................................2

   C.   Hawk's Litigation History Makes Clear It Does Not Sue Video Management Software Manufacturers Such As OnSSI.................................................................................3

   D.   Hawk Covenants Not To Sue OnSSI ....................................................................4

   E.   Hawk's Only Contacts With New York Have Been Federal Court Lawsuits.....................4

   F.   OnSSI Disclaims The Implied Warranty Of Non-Infringement In Its Form Customer Contract ..............................................................................................................4

   G.   OnSSI Received A Customer Request For Indemnity And OnSSI Refused To Acknowledge Any Indemnity Obligation In Response .....................................................5

III.  ARGUMENT ........................................................................................................5

   A.   This Court Does Not Have Subject Matter Jurisdiction And OnSSI Does Not State A Claim ..................................................................................................................5

      1.   No Subject Matter Jurisdiction Exists Because There Is No Actual Controversy Between The Parties ....................................................................................6

      2.   OnSSI Does Not Have Declaratory Judgment Standing Merely Because its Customers May be Sued.................................................................................7

         i.   OnSSI's Allegation Of An Obligation to Indemnify Is Conclusory And Unsupportable.................................................................................8

         ii.   A Customer Request For Indemnification Is Insufficient...........................8

         iii.  OnSSI's Mere Adverse Economic Interest Is Insufficient To Confer Standing .........10

   B.   Defendant Failed To Join An Indispensable Party .........................................................11

   C.   This Court Does Not Have Personal Jurisdiction Over Hawk ..........................................13

      1.   New York's Long-Arm Statute Does Not Reach Hawk ...............................................14

         i.   Hawk Does Not Transact Business In New York .....................................................15

         ii.   This Suit Does Not Arise Out Of Hawk's New York Lawsuits................................16

   D.   Venue Is Improper .............................................................................................18

      1.   § 1391(b)(1) Is Not Satisfied Because Defendant Does Not Reside In This District.....18

2.    § 1391(b)(2) Is Not Satisfied Because A Substantial Part Of The Events Giving Rise to Plaintiff's Request For Declaratory Relief Did Not Occur In This District .................19

3.    § 1391(b)(3) Is Not Satisfied Because This Court Lacks Personal Jurisdiction Over Defendant And There Are Other Districts Where This Case May Be Brought.............19

E.   OnSSI's Exhaustion Count Should Also Be Dismissed Under Rule 12(b)(6)..................20

F.   OnSSI's Complaint Should Be Dismissed As A Matter of Equitable Discretion Under 28 U.S.C. § 2201(a) .......................................................................................................20

IV.   CONCLUSION ...........................................................................................................21

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allen Archery, Inc. v. Browning Mfg. Co.*, 819 F.2d 1087, 1091 (Fed. Cir. 1987) ...................12

*Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1380 (Fed. Cir. 2011) .....6

*Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983) ......................................15, 16

*Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007)..................6, 10

*Blauschild v. Tudor*, 31 F.3d 527, 530–31 (E.D.N.Y. 2014) .......................................................18

*Blonder–Tongue Lab. v. Univ. of Illinois*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)........................................................................................................................................12

*Brocklesby Transport v. Eastern States Escort Servs.*, 904 F.2d 131, 133 (2d Cir. 1990) ...........11

*Caldwell Mfg. Co. v. Unique Balance, Co.*, 18 F.R.D. 258, 263 n.17 (S.D.N.Y. 1955)...............12

*Card Activation Techs. v. Pier 1 Imports, Inc.*, No. 09C2021, 2009 WL 2956926 (N.D. Ill. Sept. 14, 2009).................................................................................................................................13

*CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 777 F.Supp.2d 454, 461 (E.D.N.Y. 2011)...........8

*Cohen v. BMW Invs. L.P.*, No. 15-cv-3154, 2015 WL 6619958 (S.D.N.Y Oct. 30, 2015) .........14

*Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1926 (2015) .............................................3

*Daimler AG v. Bauman*, 134 S.Ct. 747, 760 (2014) ...................................................................14

*Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216 (D. N.J. 1993) ...............................................................................................................................................19

*Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1348 (Fed. Cir. 2010)...........................6

*Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015) ................................13

*Eccles v. Peoples Bank*, 333 U.S. 426, 431 (1948).....................................................................20

*Ehrenfeld v. Mahfouz*, 518 F.3d 102, 104 (2d Cir. 2008) .....................................................15, 16

*E-Z Bowz, LLC v. Prof'l Prod. Research Co., Inc.*, No. 00-CUV-8670, 2003 WL 22064259 (S.D.N.Y. Sept. 5, 2003)..........................................................................................................15

*Fagioli S.p.A. v. Gen. Elec. Co.*, 2015 WL 3540848, No. 14-cv-7055 (S.D.N.Y. June 2, 2015) .11

*Friedman v. Wahrsager*, 848 F.Supp.2d 278, 304 (E.D.N.Y. 2012)..........................................12

*Global–Tech Appliances, Inc. v. SEB S.A.,* —— U.S. ——, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011) .............................................................................................................................7

*Grant River Enters. Six Nations Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005).....................14

*Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1385-1386 (Fed. Cir. 1998)........................................................................................................................................14

*Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)................................................18

*Hilton Hotels Corp. v. Damornay Antiques, Inc.*, 99 CIV. 4883 (MBM), 1999 WL 959371 (S.D.N.Y. 1999) .........................................................................................................................5

*In re Laughlin Products, Inc.*, 265 F.Supp.2d 525, 537 (E.D. Pa. 2003)....................................13

*In re Old Carco LLC*, 530 B.R. 614, 620–21 (S.D.N.Y. 2015).................................................12

*Int'l Communications, Inc. v. Rates Technology, Inc.*, 694 F. Supp. 1347 (E.D. Wisc. 1988).....19

*Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1341 (Fed. Cir. 2001) ...................................................................................................9

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille*, 937 F.2d 44,51 (2d Cir. 1991) ..........................................................................................................................18

*KVH Indus., Inc. v. Moore*, 789 F. Supp. 69, 73 (D.R.I. 1992)................................................19

*Lake Minnewaska Mountain Houses, Inc. v. Lehman*, 88-CV-685, 1988 WL 142769 (N.D.N.Y. 1988) ........................................................................................................................5

*MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) ...................................................5

*Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1571 (Fed.Cir.1993) .........................................12

*Microchip Tech. Inc., v. Chamberlain Group, Inc.*, 441 F.3d 936, 943 (Fed. Cir. 2006)6, 8, 10, 11

*Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014)............................7, 8, 10

*Modern Computer Corp. v. Ma*, 862 F.Supp. 938, 946-947 (E.D. NY 1994).......................18, 19

*Motor Vehicle Acc. Indem. Corp. v. Nat'l Grange Mut. Ins. Co.*, 270 N.Y.S.2d 245, 247 (N.Y. App. Div. 1966)..................................................................................................................12

*Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 839 (N.D. Cal. 2009)..............10

*Pieczenik v. Dyax Corp.*, No. 00 cv 243, 2000 WL 959753 (S.D.N.Y. July 11, 2000)...............16

*Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) .........................................20

*Quanta Computer, Inc. v. LG Electronics, Inc.*, 533 U.S. 617 (2008).......................................20

*Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) .......14

*Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999)..................................................13

*Shuffle Tech International, LLC v. Scientific Games Corporation*, 2015 WL 5934834 (N.D. Ill. 2015) .......................................................................................................................10

*Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1281-84, 101 U.S.P.Q.2d 1225 (Fed. Cir. 2012) ..............................................................................................6

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) ............6

*Tamam v. Fransabank Sal*, 677 F.Supp.2d 720, 726 (S.D.N.Y. 2010)......................................15

*The Bank of New York v. First Millennium, Inc.*, No. 06-civ-13388, 2007 WL 1404433 (S.D.N.Y. May 9, 2007).................................................................................................................15

*Unistrut Corp. v. Baldwin*, 815 F. Supp. 1025 (E.D. Mich. 1993)..........................................19

*Visto Corp. v. Sproqit Techs., Inc.*, No. C–04–0651 EMC, 2006 U.S. Dist. LEXIS 96173 (N.D.Cal. Oct. 4, 2006)..................................................................................................8

*Wallert v. Atlan*, No. 14 Civ. 4099, 2015 WL 6459219 (S.D.N.Y. Oct. 26, 2015)....................14

*White v. Nationwide Mut. Ins. Co.*, 644 N.Y.S.2d 590, 591 (N.Y. App. Div. 1996)...................12

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) ..............................................................20

*Zemel Bros. v. Dewey Elecs. Corp.*, 218 U.S.P.Q. 722, 724 (N.D.N.Y. 1982)............................13

*Zeneca Ltd. v. Mylan Pharms., Inc.*, 173 F.3d 829, 831 (Fed. Cir. 1999) ..................................17

**Statutes**

28 U.S.C. § 1391.....................................................................................................................18

28 U.S.C. § 2201(a) ..........................................................................................................5, 20

**Rules**

Fed. R. Civ. P. 12(b)(3)..................................................................................................18

Fed. R. Civ. P. 17(a)(1)..................................................................................................11

Fed. R. Civ. P. 19(a)(1)(B)(ii) ........................................................................................13

Fed.R.Civ.P. 12(b)(1)......................................................................................................5

Fed.R.Civ.P. 12(b)(1) and (6).........................................................................................1

Fed.R.Civ.P. 12(b)(2)-(3)................................................................................................2

Fed.R.Civ.P. 12(b)(6)......................................................................................................5

Fed.R.Civ.P. 12(b)(7)......................................................................................................1

<u>**HAWK'S MOTION TO DISMISS AMENDED COMPLAINT [CM/ECF 21]**</u>

Pursuant to Fed.R.Civ.P. 12(b)(1)-(3) and (6)-(7), Defendant, Hawk Technology Systems, LLC, ("Hawk") moves to dismiss On-Net Surveillance Systems, Inc.'s ("OnSSI") Amended Complaint [CM/ECF 21] and submits the following memorandum in support.

## I.   <u>INTRODUCTION</u>

This Court lacks subject matter and personal jurisdiction, OnSSI failed to join indispensable parties, venue is improper and the Amended Complaint fails to state a claim. While Hawk *has* sued OnSSI's customers for direct patent infringement, as declaratory Plaintiff OnSSI knows, Hawk never intended to sue OnSSI.  Indeed, in connection with Hawk's first Motion to Dismiss [CM/ECF 19], Hawk covenanted not to do so.  Unsatisfied, OnSSI filed an Amended Complaint [CM/ECF 21] seeking a declaration that its customers should not be liable for direct infringement.  Tellingly, OnSSI never clearly alleges it has a duty to indemnify any specific customer for infringement of U.S. Patent No. RE 43,462 (the "Patent").  Nevertheless, OnSSI *erroneously* alleges it has standing because it has a reasonable apprehension of facing indemnity claims.  Its error is not debatable.  After a supplier has received a covenant not to sue, binding Federal Circuit case law holds that the apprehension of facing an indemnity claim is insufficient to create declaratory standing for the supplier.   Further, there is no legal dispute between the parties.  OnSSI's speculative "financial interest" based on a possible obligation to indemnify a customer is insufficient under the "legal interest" versus "financial interest" test used to determine standing. Consequently, OnSSI's Complaint should also be dismissed under Fed.R.Civ.P. 12(b)(1) and (6). There is no "definite" "case or controversy."

The Amended Complaint should also be dismissed under Fed.R.Civ.P. 12(b)(7). To explain, when a method claim is the subject of an infringement allegation, as it would be against

1

OnSSI's customers,[1] the customers/direct infringers are necessary and indispensable parties. Since they were not joined, the Amended Complaint should be dismissed. Finally, OnSSI's Amended Complaint does nothing to cure New York's lack of personal jurisdiction over Hawk and venue is still improper. Accordingly, the Complaint should also be dismissed pursuant to Fed.R.Civ.P. 12(b)(2)-(3). Finally, the exhaustion count fails because the Patent had already expired when Hawk covenanted not to sue OnSSI. Consequently, no sales were ever authorized. And, the covenant expressly reserves the right to sue direct infringers who use OnSSI's product.

## II.   FACTS

### A.   OnSSI Sued Hawk For A Declaration Of Non-Infringement, Invalidity, Intervening Rights, License and Exhaustion Related To U.S. Patent No. RE43,462 (The "Patent")

"This is an action for declaratory judgment of non-infringement, invalidity, intervening rights, a license to the '462 Patent, and exhaustion of Hawk's right to assert the '462 Patent against OnSSI's products or services." Amended Complaint at ¶ 1, CM/ECF 21.

### B.   Hawk Is A Florida Company, The Patent Prosecution Attorney Resides In Florida And Hawk Has No Offices Or Employees In New York

Hawk is a limited liability company organized and existing under the laws of the state of Florida. *See* Declaration of Marc Shulman (Hawk's Managing Member) attached hereto as Ex. A, ¶ 3, 4. It owns the Patent. *Id.* at ¶ 5. A Florida attorney of the law firm of Gifford, Krass, Sprinkle, Anderson & Citkowski, P.C. prosecuted the Patent application. *Id.* at ¶ 6. The inventors' names are Barry Schwab and Kinya Washino. *Id.* at ¶ 7. Mr. Schwab lives in Michigan. *Id.* Mr. Washino lives in New Jersey. *Id.* None of Hawk's owners reside in New York. *Id.* at ¶ 8. Hawk does not have any employees in New York. *Id.* at ¶ 9. Hawk does not

---

[1] The Covenant Not to Sue prohibits Hawk from suing OnSSI's customers for infringing any claim in the Patent other than infringing method Claim 12.

have any offices in New York.  *Id.* at 10.  Hawk has not sold any good or service in New York.  *Id.* at ¶ 11.  Further, Hawk does not own property in New York and does not regularly visit New York.  *Id.* at ¶ 12.  Finally, Hawk has never licensed the Patent in New York.  *Id.* at ¶ 13.

## C. Hawk's Litigation History Makes Clear It Does Not Sue Video Management Software Manufacturers Such As OnSSI

Hawk has filed one hundred and fifteen cases across the country to enforce its rights under the Patent.  *Id.* at ¶ 17.  The Patent expired on April 29, 2014.  *See* Patent attached as Ex. B.  The Patent contains three independent claims: 1, 12, and 15.  *Id.*  Claims 1 and 15 relate to systems which require various components.  *Id.*  One of the components necessary to infringe Claims 1 and 15 is video management software ("VMS"), like OnSSI's Ocularis software.  Third party hardware is needed to complete the infringing systems.  *See id.* (It requires, among other things, cameras, computers, monitors and keyboards not sold by OnSSI).  For reasons outside the scope of this paper, Hawk has only asserted infringement of Claim 12, which is a method claim, for the last six months.  *See* Ex. A, at ¶ 14.  OnSSI's Ocularis software performs one of the steps in the method claim 12.  Just as with the system claims 1 and 15, third party hardware is needed to perform all of the steps in the claimed method.  *See* Ex. B.

VMS manufacturers are not direct infringers merely because they sell VMS software.  Instead, by selling VMS software, VMS manufacturers, like OnSSI, may be liable for indirect infringement, *i.e.*, contributory infringement or inducement.  To obtain *damages* for indirect infringement, a patent owner must prove that the indirect infringer had actual knowledge of the patent and continued to indirectly infringe thereafter.  *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920, 1926 (2015).  There is no similar knowledge requirement to obtain damages from a direct infringer.  *Id.*  Consequently, Hawk has never sued VMS manufacturers.  *See* Ex. A, at ¶ 15.  Instead, Hawk has only sued VMS companies' end users.  *Id.* at ¶ 16.

3

**D.  Hawk Covenants Not To Sue OnSSI**

Hawk submitted a covenant not to sue OnSSI for past, present or future direct or indirect patent infringement.  *See* Ex. C.; CM/ECF 19-3.

**E.  Hawk's Only Contacts With New York Have Been Federal Court Lawsuits**

Of the one hundred and fifteen cases Hawk has filed, only seven were filed in federal courts located in New York and only five were in this District.  *See* Ex. A, at ¶ 18.  Of the suits Hawk filed in New York, only two were against OnSSI's customers and both have been dismissed.  *Id.* at ¶19.  Significantly, Hawk has sued nine of OnSSI's customers in federal courts outside of New York; however, three of those customers were not sued for using OnSSI's VMS software – instead, the claim charts in those cases were based on software produced by third party software manufacturers.  *Id.* at ¶ 20.  And, the first suit against one of OnSSI's customers was brought in the Southern District of Florida.  *Id.* at ¶ 21.  In connection with the present lawsuit, on October 21, 2015, Hawk's manager traveled to New York and met with OnSSI in an attempt to settle this case.  *Id.* at ¶ 22.  Other than its lawsuits, Hawk has had _no_ contact with the State of New York.  *Id.* at ¶ 23.

**F.  OnSSI Disclaims The Implied Warranty Of Non-Infringement In Its Form Customer Contract**

OnSSI disclaims the implied warranty of non-infringement in its form customer contract:

> Licensee is hereby notified that the Software, when used with certain equipment or other software, may enable it to perform surveillance actions and data processing which may be … infringing of others' intellectual property or patents… .  ***The sole responsibility for verification of Licensee's use against compliance with applicable law, intellectual property rights or patents lies with the Licensee as the user.***

*See* Ex. D, at pp. 3 and 7.  (Emphasis added.)  OnSSI's Amended Complaint states that it has a duty to indemnify some of its customers.  Significantly, however, the allegation is conclusory and unspecific.  Indeed, OnSSI does not identify any specific customer or state what percentage

4

of its customers it must indemnify.  Moreover, OnSSI did not allege that Hawk has *ever* sued a customer that it had a duty to indemnify.  And, Hawk has sued eleven (11) of its customers.

**G.  OnSSI Received A Customer Request For Indemnity And OnSSI Refused To Acknowledge Any Indemnity Obligation In Response**

OnSSI's customer, CoxHealth ("Cox"), sent a letter to OnSSI requesting indemnity against an infringement claim brought by Hawk.  *See* CM/ECF 21-8, p. 2 (emphasis added).  Cox did not cite an indemnity agreement, but instead "section 2-312(3) of the Uniform [Commercial] Code…." *Id*. While it settled, OnSSI refused to acknowledge liability: "***The parties agree that the settlement of the Litigation and any payments related thereto shall not act as any acknowledgement of liability by either Cox or OnSSI***." *See* CM/ECF 21-9 (emphasis added).

## III.  ARGUMENT

### A.  This Court Does Not Have Subject Matter Jurisdiction And OnSSI Does Not State A Claim[2]

For a court to have subject matter jurisdiction over a declaratory judgment action, there must be an "actual controversy."  28 U.S.C. § 2201(a).  The dispute must be "definite and concrete . . . [i.e.,] real and substantial." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal quotations and alterations omitted).  When ascertaining whether jurisdiction

---

[2] *See Lake Minnewaska Mountain Houses, Inc. v. Lehman*, 88-CV-685, 1988 WL 142769, at *17 (N.D.N.Y. 1988) ("[P]laintiffs' federal claims are dismissed for declaratory judgment and injunctive relief under 12(b)(6) or lack of subject matter jurisdiction as there is no case or controversy...") *Hilton Hotels Corp. v. Damornay Antiques, Inc.*, 99 CIV. 4883 (MBM), 1999 WL 959371, at *1 (S.D.N.Y. 1999) (DAI moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction and pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) for lack of an actual "case or controversy.")

exists, courts must evaluate "all the circumstances." *Id.*   Proving one had a "reasonable apprehension of being sued" is the most common way to satisfy the "all the circumstances" test. *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1281-84, 101 U.S.P.Q.2d 1225 (Fed. Cir. 2012), cert. denied, 132 S. Ct. 2442, 182 L. Ed. 2d 1064 (2012).

Significantly, "jurisdiction must exist at all stages of review, not merely at the time the complaint was filed." *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 665 F.3d 1269, 1281-84, 101 U.S.P.Q.2d 1225, 1282 (Fed. Cir. 2012).  Consequently, "a patentee defending against an action for declaratory judgment… can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the putative infringer." *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995); *accord Dow Jones & Co., Inc. v. Ablaise Ltd.,* 606 F.3d 1338, 1348 (Fed. Cir. 2010) (same); *Arris Group, Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1380 (Fed. Cir. 2011) ("[A] patentee's grant of a covenant not to sue a *supplier* for infringement can eliminate the *supplier's* standing to bring a declaratory judgment action.") (Emphasis added.)

## 1. No Subject Matter Jurisdiction Exists Because There Is No Actual Controversy Between The Parties

"A useful question to ask in determining whether an actual controversy exists is what, if any, cause of action the declaratory judgment defendant may have against the declaratory judgment plaintiff[.]" *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) (*citing Microchip Tech. Inc., v. Chamberlain Group, Inc.,* 441 F.3d 936, 943 (Fed. Cir. 2006)).  "The concepts of 'adverse legal rights' and 'legal risk,' used in [prior] cases to describe the standard for jurisdiction require that there be an underlying legal cause of action that the declaratory defendant could have brought or threatened to bring, if not for the fact that the

declaratory plaintiff has preempted it." *Id.*  Here, Hawk cannot sue OnSSI because Hawk covenanted not to do so.  *See* CM/ECF 19-3.

Further, Hawk could not have sued or threatened to sue OnSSI since "[t]o prove inducement of infringement . . . the patentee must show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement."  *Microsoft Corp. v. DataTern, Inc.*, 755 F.3d 899, 904 (Fed. Cir. 2014) (*citing Global–Tech Appliances, Inc. v. SEB S.A.,* —— U.S. ——, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011)).  Hawk has not and cannot allege that OnSSI had the requisite knowledge. Consequently, Hawk has no claim against OnSSI for inducing infringement and OnSSI cannot claim that it is at risk of being sued.  *See Microchip* at 942 ("Microchip's brief to this court states that it 'had a reasonable apprehension that ... it might thereby subject [its] *customers* to a patent infringement lawsuit by Chamberlain,' not that it had a reasonable apprehension of being sued as a patent infringer.") (Emphasis added).  OnSSI is a VMS manufacturer.  And, Hawk has *never* sued a VMS manufacturer.  Indeed, Hawk's litigation history evinces a clear intention *not* to sue VMS manufacturers.  OnSSI never had a reasonable apprehension of being sued and all the circumstances demonstrate that no substantial definite and actual controversy exists between the parties.

**2.  OnSSI Does Not Have Declaratory Judgment Standing Merely Because its Customers May be Sued**

Hawk has sued OnSSI's customers.  However, that does not give OnSSI standing to seek a declaration.  "To the extent that Appellees argue that they have a right to bring the declaratory judgment action solely because their customers have been sued for direct infringement, they are incorrect." *DataTern* at 906.  Even when a patentee is litigious it does not give a *supplier* standing if the patentee's litigation strategy involves suing *end users*.  *Id* at 906-907.

i.   **OnSSI's Allegation Of An Obligation to Indemnify Is Conclusory And Unsupportable**

OnSSI claims it "has an existing obligation to indemnify certain of its customers in connection with claims of infringement relating to OnSSI's products." Amended Complaint, ¶ 48.   However, OnSSI fails to identify a single customer, contract, or clause requiring indemnification.   And, as stated *supra*, OnSSI specifically disclaims the implied warranty of non-infringement in its form customer contract.   Tying this to New York's implied warranty of non-infringement, §2–312(3), "the plaintiff-buyer must show: *(4) the parties did not form another agreement." CGS Indus., Inc. v. Charter Oak Fire Ins. Co.,* 777 F.Supp.2d 454, 461 (E.D.N.Y. 2011) aff'd in part, vacated in part, 720 F.3d 71 (2d Cir. 2013) (the Second Circuit did not disturb the quoted rule.)   In other words, the merchant must not have disclaimed the implied warranty of non-infringement.   But, that is exactly what OnSSI's form contract does.   Without more, OnSSI's conclusory allegation of an obligation to indemnify is also legally insufficient. *See Microchip* at 944 ("Microchip has not produced any agreement indemnifying a customer … Thus, Microchip has no legal right to 'clear the air.'")

ii.   **A Customer Request For Indemnification Is Insufficient.**

OnSSI also claims that some customers have "demanded" indemnification and that OnSSI "has indemnified certain of its customers in connection with claims of infringement of the '462 patent brought by Hawk . . .." *Id.* at ¶¶ 49, 50.   However, the Federal Circuit "decline[d] Appellees' request to hold that their customers' indemnification request . . . alone can create standing . . . ." *DataTern* at 904 (emphasis added). *See e.g., Microchip* at 944; *Visto Corp. v. Sproqit Techs., Inc.,* No. C–04–0651 EMC, 2006 U.S. Dist. LEXIS 96173, at *15–16 (N.D.Cal. Oct. 4, 2006) (rejecting argument that covenant not to sue was insufficient because it did not

extend to, *e.g.,* customers; noting that accused infringer had not provided any evidence that it had an indemnification agreement with any customer).

Further, OnSSI's duty-to-indemnify allegations are inherently speculative and cannot support a finding that OnSSI has a reasonable fear that it will have to indemnify a customer. First, and significantly, it did not have an obligation with respect to any of its eleven customers Hawk has sued. Second, OnSSI failed to plead the percentage of its customers' agreements that do not include OnSSI's form waiver for non-infringement clause. Instead, OnSSI merely alleges it fears Hawk may sue one of its customers who has a non-form agreement. Since OnSSI did not specify which customers it has a duty to indemnify or what percentage of its customers it must indemnify, there is simply no way to ascertain whether its putative fear is reasonable or based on a remote possibility. Indeed, Hawk does not know the identity of the overwhelming majority of OnSSI's customers.

Thankfully, the Federal Circuit addressed these exact issues. In *Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc.*, 248 F.3d 1333, 1341 (Fed. Cir. 2001), the court held a supplier's allegation that "it could be required to indemnify an entity that potentially could be held liable in a different case for infringing the '202 patent" was insufficient to create declaratory judgment standing. Just as here, the patent owner in the *Intellectual Property Development* ("IPD") case had brought numerous suits against TCI-Cablevision's customers. During a litigation between IPD and TCI-California, IPD agreed not to sue TCI-California. TCI-California was the supplier to putative direct infringers. The Federal Circuit opined that "[i]f TCI-California interests are affected by a different suit regarding the '202 patent, then TCI-California should join that action as a party, for example, pursuant to Federal Rule of Civil Procedure 19(a)(2)(i)." *Id.*

Contrary to OnSSI's allegations regarding the Cox settlement, OnSSI did not indemnify Cox. OnSSI merely settled without admitting liability.[3] "[T]he parties have made clear that to the extent" OnSSI has 'indemnified' Cox, "it has done so on a voluntary basis." *Shuffle Tech International, LLC v. Scientific Games Corporation*, 2015 WL 5934834 at *7 (N.D. Ill. 2015). "Without the indemnity agreement to support its argument," OnSSI's "argument is essentially that at some point in the future, it is possible that [Hawk] will either sue [OnSSI] (or some other future licensee of [OnSSI]) for infringement on a claim that is actually covered by a [OnSSI] indemnity agreement. Even under *MedImmune's* more lenient test, this sort of inchoate 'adverse legal interest' is too speculative to give rise to an actual controversy within the meaning of the Declaratory Judgment Act." *Id. See also Ours Tech., Inc. v. Data Drive Thru, Inc.*, 645 F. Supp. 2d 830, 839 (N.D. Cal. 2009) (citing *Microchip*) ("the lack of an indemnity agreement between OTI and its "customers" in the United States fails to carry any weight, let alone enough weight to create an adverse legal interest.")

### iii. OnSSI's Mere Adverse Economic Interest Is Insufficient To Confer Standing

"Without an underlying legal cause of action, any adverse economic interest that the declaratory plaintiff may have against the declaratory defendant is not a legally cognizable interest sufficient to confer declaratory judgment jurisdiction." *Benitec Australia, Ltd.*, 495 F.3d at 1344 (Fed. Cir. 2007). *See also Ours Tech., Inc.*, at 840 ("DDT is correct that OTI's interest in this action is largely—if not exclusively—economic. Based on the facts alleged, under all of the circumstances, OTI has failed to show that there is 'a substantial controversy, between parties

---

[3] The Cox settlement cannot give OnSSI standing because it occurred after this suit was filed. *See DataTern* at 906.

having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."); *Microchip* at 943 ("At most, Microchip had only an economic interest in clarifying its customers' rights under Chamberlain's patents … Such an economic interest alone, however, cannot form the basis of an 'actual controversy' under the Declaratory Judgment Act.")

Here, at best, OnSSI's speculative interest is purely economic. "OnSSI has an objectively reasonable apprehension that Hawk will bring a patent infringement action *against its customers*, including customers who OnSSI has an obligation to indemnify, creating an objectively reasonable apprehension that *OnSSI will have additional indemnification obligations*." Amended Complaint, ¶ 52 (emphasis added).   OnSSI's concern over possible future indemnification obligations for its customers does not satisfy the necessary "underlying legal cause of action" requirement to confer declaratory judgment standing.  Because OnSSI's interest is purely economic, OnSSI has no standing.

## B.  Defendant Failed To Join An Indispensable Party

OnSSI's Amended Complaint should be dismissed pursuant to Rule 12(b)(7) because OnSSI failed to join the real parties in interest.  Under Fed. R. Civ. P. 17(a)(1), "[a]n action *must* be prosecuted in the name of the real party in interest."[4]   Here, since OnSSI's customers are "the *only* real part[ies] in interest under Rule 17, [they are] required and indispensable part[ies] under Rule 19." *Fagioli S.p.A. v. Gen. Elec. Co.*, 2015 WL 3540848, No. 14-cv-7055, *2–*5 (S.D.N.Y. June 2, 2015); *see also Brocklesby Transport v. Eastern States Escort Servs.*, 904 F.2d 131, 133 (2d Cir. 1990) ("Under federal law, … the only real party-in-interest … must sue in its own name.")

---

[4] None of the exceptions set forth in Fed. R. Civ. P. 17(a)(1)(A)–(G) apply.

These rules of law are particularly inflexible in this context because a "declaratory judgment, like any other judgment, is only *res judicata* to the parties to it," *Motor Vehicle Acc. Indem. Corp. v. Nat'l Grange Mut. Ins. Co.*, 270 N.Y.S.2d 245, 247 (N.Y. App. Div. 1966), and such a proceeding "may be maintained only where it will serve a useful purpose in clarifying and settling the legal relations involved…." *Caldwell Mfg. Co. v. Unique Balance, Co.*, 18 F.R.D. 258, 263 n.17 (S.D.N.Y. 1955); *White v. Nationwide Mut. Ins. Co.*, 644 N.Y.S.2d 590, 591 (N.Y. App. Div. 1996) (same).

Critically, here, there is no upside to this dispute for Hawk.  To explain, Hawk cannot *win* anything because OnSSI's customers would not be bound by the declaratory relief that OnSSI requests.  *See In re Old Carco LLC*, 530 B.R. 614, 620–21 (S.D.N.Y. 2015) ("[A] declaratory judgment will not serve a useful purpose because … a declaratory judgment may not completely resolve the issue or eliminate any uncertainty because Verde is not a party and may not be bound by the declaratory judgment."); *Friedman v. Wahrsager*, 848 F.Supp.2d 278, 304 (E.D.N.Y. 2012) (dismissing a plaintiff's request for declaratory relief regarding the status and rights of Bank of America where Bank of America was not named as a party to the action.) Indeed, issue preclusion "does not bar someone charged with infringement from challenging the validity of patent claims that were upheld in a prior infringement suit to which it was not a party." *Allen Archery, Inc. v. Browning Mfg. Co.*, 819 F.2d 1087, 1091 (Fed. Cir. 1987). Further, "[a]s a matter of due process, each new defendant in a patent suit is entitled to make its own defense. There can be no collateral estoppel against a defendant who has not had a 'full and fair opportunity to litigate the claim' at issue." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1571 (Fed.Cir.1993) (quoting *Blonder–Tongue Lab. v. Univ. of Illinois*, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971)).

Further, OnSSI's customers directly infringing method claim 12 are "not mere customers, but indeed, 'necessary parties,'" as the court in *In re Laughlin* explains:

> Prior to the commencement of the declaratory judgment suit, the defendant-patentee had filed four separate patent infringement suits against companies that had purchased equipment from the plaintiff-manufacturer. In these four "customer suits," the patentee claimed that the manufacturer's customers were infringing its patent by carrying out the method or process taught in the patent. The plaintiff-manufacturer, in the declaratory judgment case, moved the court to enjoin the prior "customer suits." … The court denied the motion, finding that, because the patent in suit was a method patent, the plaintiff-manufacturer … could be held liable only as a contributory infringer, not a direct infringer. The 'customers,' therefore, were not mere customers, but, indeed, 'necessary parties' to the prior infringement suits.

*In re Laughlin Products, Inc.*, 265 F.Supp.2d 525, 537 (E.D. Pa. 2003), citing *Zemel Bros. v. Dewey Elecs. Corp.*, 218 U.S.P.Q. 722, 724 (N.D.N.Y. 1982).[5]

In short, OnSSI's customers are necessary parties and *must* be joined because their absence will leave Hawk "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed. R. Civ. P. 19(a)(1)(B)(ii).

### C.  This Court Does Not Have Personal Jurisdiction Over Hawk

Personal jurisdiction "is [ ] essential …, without [it] the court is powerless to proceed.…" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999).  To survive a 12(b)(2) motion, "a plaintiff must make a prima facie showing that jurisdiction exists."  *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167–68 (2d Cir. 2015).  "First, the Court must determine whether, under New York law, there is personal jurisdiction . . .; [and]  [s]econd, . . . whether 'an exercise of

---

[5] *In re Laughlin* and *Zemel Bros.* are distinguished by *Card Activation Techs. v. Pier 1 Imports, Inc.*, No. 09C2021, 2009 WL 2956926, at *4 (N.D. Ill. Sept. 14, 2009) on the basis that the customer agreed to be bound by the outcome of the manufacturer's declaratory judgment suit. That factual distinction does not exist here.

jurisdiction … is consistent with federal due process…." *Wallert v. Atlan*, No. 14 Civ. 4099, 2015 WL 6459219, *7 (S.D.N.Y. Oct. 26, 2015) (citing *Grant River Enters. Six Nations Ltd. v. Pryor*, 425 F.3d 158, 165 (2d Cir. 2005)); *see also Cohen v. BMW Invs. L.P.*, No. 15-cv-3154, 2015 WL 6619958, *3 (S.D.N.Y Oct. 30, 2015) (same).  Significantly, "[t]he Court may rely on affidavits" and "will not draw argumentative inferences in the plaintiff's favor or accept as true a legal conclusion couched as a factual allegation."  *Wallert*, 2015 WL 6459219 at *6, 11 n.8.

Under 28 U.S.C. § 1295, the Federal Circuit has exclusive jurisdiction over "any civil action arising under […] any Act of Congress relating to patents…." Consequently, "Federal Circuit law governs the [Due Process analysis of] . . . personal jurisdiction in patent-related cases." *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1358 (Fed. Cir. 1998) (parenthetical added).  However, the Federal Circuit applies "New York and Second Circuit law" for purposes of ascertaining whether long-arm jurisdiction exists under C.P.L.R. § 302.  *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1385-1386 (Fed. Cir. 1998) (this holding was the "question on which this appeal turns.")

### 1. New York's Long-Arm Statute Does Not Reach Hawk

"[A] court … can exercise personal jurisdiction … based either on general jurisdiction, under New York Civil Practice Law and Rule § 301, or specific jurisdiction, under C.P.L.R. § 302." *Wallert*, 2015 WL 6459219 at *8.  OnSSI's allegation that Hawk is subject to New York's general jurisdiction evinces a basic and fundamental misunderstanding of the law.  In *Daimler AG v. Bauman*, 134 S.Ct. 747, 760 (2014), the Supreme Court made clear that states cannot exercise general jurisdiction over an entity that neither resides in or is domiciled in the state unless the entity's contacts are so overwhelming that it was "fairly regarded at home."  Even a "substantial, continuous and systematic course of business" is not enough for general

14

jurisdiction.  All Hawk has ever done is file a few lawsuits in New York.  That activity is so far from what is necessary to support general jurisdiction that no further argument is necessary.

As for specific jurisdiction, under § 302(a)(1),  The New York Court of Appeals has "stressed that New York's long-arm statute 'does not confer jurisdiction in every case where it is constitutionally permitted.'"  *Ehrenfeld v. Mahfouz*, 518 F.3d 102, 104 (2d Cir. 2008).  Further, a "defensive declaratory judgment action is not one that the courts of New York have regularly linked to section 302(a)(1) jurisdiction."  *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 764 (2d Cir. 1983).  And, "in applying § 302(a)(1), New York courts have cautioned that defendants, as a rule, should be subject to suit where they are normally found, that is, at their pre-eminent headquarters…."  *E-Z Bowz, LLC v. Prof'l Prod. Research Co., Inc.*, No. 00-CUV-8670, 2003 WL 22064259, *7 (S.D.N.Y. Sept. 5, 2003).

To establish personal jurisdiction under § 302(a)(1) jurisdiction, OnSSI must show (a) Hawk "transacts any business within the state or contracts anywhere to supply goods or services in the state" and (b) a "direct relation between the cause of action and the in-state conduct…."  *Tamam v. Fransabank Sal*, 677 F.Supp.2d 720, 726 (S.D.N.Y. 2010) (citing *Beacon Enters.*, 715 F.2d at 764).  Toward that end, OnSSI alleges, Hawk conducted business by filing lawsuits in New York."  Here, OnSSI's allegations are insufficient as a matter of law.

### i.   <u>Hawk Does Not Transact Business In New York</u>

Personal jurisdiction does not exist "when a non-resident's only contact with the [Southern District of New York] involves petitioning the federal government…."  *The Bank of New York v. First Millennium, Inc.*, No. 06-civ-13388, 2007 WL 1404433, *7 n.11 (S.D.N.Y. May 9, 2007).  "[A] person or entity that … seeks redress before the federal or local courts … is not thereby 'transacting business' for the purposes of the long-arm statute."  *Id.  Cf. Beacon*

*Enters.,* 715 F.2d at 766 (enforcing trademark rights against New York residents does not constitute a transaction of business within New York).

In *Ehrenfeld v. Mahfouz,* 518 F.3d 102 (2d Cir. 2008) the Second Circuit reported the answer to its certified question to the Court of Appeals of New York.  In *Ehrenfeld*, an author brought a declaratory judgment action against a judgment debtor who won a defamation case in England.  The judgment creditor was a defendant in pending cases in New York.   The judgment creditor refused to waive its right to sue in New York to enforce its English judgment.  In short, the court opined that using New York's court system to enforce foreign laws does not permit New York to assert personal jurisdiction over a plaintiff.   It reasoned, "the future implications of potential enforcement of that judgment would 'not arise from defendant's invocation of the privileges' of New York laws, but 'from an English remedy and plaintiff's unilateral activities in New York.'" *Id.* at 104.  The exact same rationale applies here.  Hawk's New York federal court suits did not arise from its invocation of the privileges of New York's laws, but instead arose from its invocation of *federal* patent laws and the infringers' unilateral activities in New York. *Ehrenfeld* makes clear that Hawk's use of the federal court system to seek a remedy for infringement of its federal rights does not permit New York to exercise personal jurisdiction over it.

### ii.   This Suit Does Not Arise Out Of Hawk's New York Lawsuits

"[T]he plain language of § 302(a)(1) requires that plaintiffs' cause of action must arise out of some transaction conducted within the state, and requires a 'substantial nexus' between the cause of action and the defendant's activities in New York." *Pieczenik v. Dyax Corp.*, No. 00 cv 243, 2000 WL 959753, *4 (S.D.N.Y. July 11, 2000).  Hawk has only filed two lawsuits in New York against OnSSI's customers.  *See* Ex. A at ¶ 19.  In total, Hawk has filed eleven

lawsuits against OnSSI's customers.  *See* CM/ECF 21, at ¶ 40.  In other words, less than 20% of

Hawks' cases against OnSSI's customers have been filed in New York.   First, OnSSI did not –

and cannot – allege that it is legally obligated to indemnify either of the New York customers.

Consequently, this action does not "arise out of" Hawk's New York suits.  Therefore, specific

jurisdiction under § 302(a)(1) fails because this suit does not "arise out of" Hawk's New York

contacts.  To the contrary, this suit arises out of OnSSI's fear that Hawk may sue one of the

customers whom it must indemnify.  And, there is no indication that any such customer resides

in New York or could even be joined in this case.

Second, even if OnSSI had a duty to indemnify its customers, there is not a "substantial

nexus" between Plaintiff's prior suits and this action.  Consider the court's holding in *Pieczenik*

at *4, "[P]laintiffs' infringement claims against Dyax would exist regardless of its [instate]

agreements with Pall Corp.  Thus, for jurisdictional purposes, the alleged connection between

this action and the Pall Corp. agreement is tenuous at best, and is insufficient to create the

requisite 'substantial nexus' under CPLR § 302(a)(1)."   The same is true here.  If proper,

OnSSI's declaratory judgment suit would exist regardless of Hawk's New York suits.  Hawk's

first suit against an OnSSI customer was in Florida – not New York.  And, the majority of

Hawk's suits against OnSSI's customers have not been in New York.  Accordingly, at best, the

relationship to New York is tenuous – not "substantial" as is required.

Since New York's long-arm statute does not reach Hawk, the Court need not perform a

due process analysis.  Nonetheless, Hawk does not have minimum contacts with New York.  *See*

*Zeneca Ltd. v. Mylan Pharms., Inc.*, 173 F.3d 829, 831 (Fed. Cir. 1999) ("petitioning the national

government does not 'count' as a jurisdictional contact in the personal jurisdiction analysis.");

*Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille*, 937 F.2d 44,51 (2d Cir.

1991) (it is unreasonable to assert personal jurisdiction on a non-resident who comes into the jurisdiction [merely] to participate in litigation as a plaintiff. . . .") Further, as explained in the long-arm analysis, OnSSI's suit does not "arise out of" Hawk's New York suits.

### D. <u>Venue Is Improper</u>

"Because this is a declaratory judgment action involving patent and copyright infringement, venue is governed by the general venue statute, 28 U.S.C. § 1391, rather than the specific statute for infringement actions, 28 U.S.C. § 1400." *Modern Computer Corp. v. Ma,* 862 F.Supp. 938, 946-947 (E.D. NY 1994). There are three permissible bases for maintaining an action in a particular venue. *See* 28 U.S.C. § 1391(b)(1)–(3). If none of the permissible bases are satisfied, the complaint must be dismissed. *See* Fed. R. Civ. P. 12(b)(3). The same standard of review as a 12(b)(2) motion is applied and the burden of proof falls on the plaintiff. *See Blauschild v. Tudor*, 31 F.3d 527, 530–31 (E.D.N.Y. 2014) (citing *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356 (2d Cir. 2005)). Plaintiff's Complaint is destined for 12(b)(3) dismissal because, as discussed below, none of the three permissible bases for sustaining venue are satisfied.

### 1. <u>§ 1391(b)(1) Is Not Satisfied Because Defendant Does Not Reside In This District</u>

The first basis upon which venue may be proper is if Defendant resides in this District. *See* § 1391(b)(1). An entity is deemed to reside where it has its principal place of business and where it is subject to personal jurisdiction. *See* § 1391(c)(2). As explained in the facts and arguments above, Defendant does not have its principal place of business in New York and is not subject to New York's personal jurisdiction.

**2.   § 1391(b)(2) Is Not Satisfied Because A Substantial Part Of The Events Giving Rise to Plaintiff's Request For Declaratory Relief Did Not Occur In This District**

The second basis upon which venue may be proper is if "a substantial part of the events or omissions giving rise to the claim occurred" in this District.   § 1391(b)(2).   First, the overwhelming majority of the OnSSI customers that Hawk previously sued were not located in New York.   Second, "in a declaratory judgment action for non-infringement and invalidation of a patent, a cease and desist letter [or enforcement lawsuit] cannot form the basis for venue under section 1391 on the grounds that the sending of the letter [or enforcement lawsuit] constitutes 'a substantial part of the events giving rise to the claim.'"   *Modern Computer Corp. v. Ma*, 862 F. Supp. 938, 947 (E.D.N.Y. 1994) (parentheticals added.)   "In such cases, the transaction at issue is the granting of the copyright or patent, and the source of the cause of action for non-infringement is the ownership and existence of the copyright or patent, not the sending of the cease and desist letter."   *Id. Accord, Database America, Inc. v. Bellsouth Advertising & Pub. Corp.*, 825 F.Supp. 1216 (D. N.J. 1993) (same); *Unistrut Corp. v. Baldwin*, 815 F. Supp. 1025 (E.D. Mich. 1993) (same); *Int'l Communications, Inc. v. Rates Technology, Inc.*, 694 F. Supp. 1347 (E.D. Wisc. 1988) (same); *KVH Indus., Inc. v. Moore*, 789 F. Supp. 69, 73 (D.R.I. 1992) (same).

**3.   § 1391(b)(3) Is Not Satisfied Because This Court Lacks Personal Jurisdiction Over Defendant And There Are Other Districts Where This Case May Be Brought**

The third basis upon which venue may be proper is if this District has personal jurisdiction over Defendant and "there is no district in which the action may otherwise be brought."   28 U.S.C. § 1391(b)(3).   First, this Court lacks personal jurisdiction over Hawk. Second, there are other districts in which this action may be maintained (*e.g.*, the Southern District of Florida, where Defendant is located).

**E.  OnSSI's Exhaustion Count Should Also Be Dismissed Under Rule 12(b)(6)**

Although it is not necessary for this Court to reach this question, OnSSI's exhaustion count should be dismissed under Fed. R. Civ. P. 12(b)(6).  "Exhaustion is triggered only by a sale authorized by the patent holder."  *Quanta Computer, Inc. v. LG Electronics, Inc.*, 533 U.S. 617 (2008).  First, the covenant not to sue was provided after the Patent expired.  Hawk did not authorize OnSSI to sell anything. The unauthorized sales occurred prior to the patent expiring. Moreover, Hawk only stated it would not sue OnSSI for infringement.  As explained, *supra*, Hawk cannot sue OnSSI in good faith for infringement because Hawk could not and cannot allege that OnSSI is liable for knowingly contributing to or inducing infringement of its Patent. Indeed, Hawk has no evidence that OnSSI knew of the Patent prior to its expiration.  In short, nothing in the covenant not to sue can be construed as authorizing OnSSI's sales.  Finally, the covenant not to sue expressly allows Hawk to sue OnSSI's customers for infringing method claim 12.

**F.  OnSSI's Complaint Should Be Dismissed As A Matter of Equitable Discretion Under 28 U.S.C. § 2201(a)**

Under 28 U.S.C. § 2201(a), the Court has "unique and substantial discretion" to decline to entertain an action seeking declaratory relief.  *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).  "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest."  *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam) (quoting *Eccles v. Peoples Bank*, 333 U.S. 426, 431 (1948)).  Separately and apart from the bases set forth above, the Court can and should dismiss this action as an exercise of equitable discretion.  Hawk has nothing to gain from this declaratory action.  It would not, and now clearly cannot, consistent with Rule 11 counterclaim

20

for direct or indirect infringement.  Forcing Hawk to litigate this declaratory action with no upside does not further the purpose of the Declaratory Act and is simply inequitable.

## IV.   CONCLUSION

For the foregoing reasons, Hawk respectfully requests that the case be dismissed with prejudice.

Dated: January 7, 2016.

Respectfully submitted,

By:    /s/ Jacqueline M. James
Jacqueline M. James, Esq.
The James Law Firm, PLLC
445 Hamilton Avenue
Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjameslaw@optonline.net
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 7, 2016, I electronically filed the foregoing with the Clerk of the Court and all parties using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

By:    /s/ Jacqueline M. James
Jacqueline M. James, Esq.